IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH COLLIER,** | : | **CIVIL NO. 1:09-CV-2232** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Smyser)** |
| **CAPTAIN BLUDWORTH,** *et al.*, | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that Defendants' motion for summary judgment be denied. Defendants have filed objections to the report and recommendation. Plaintiff did not file a response to Defendants' objections and the matter is ripe for disposition.

**I.    Background**

Defendants remaining in this case are Captain Bludworth, a captain at the United States Penitentiary at Allenwood ("USP Allenwood) and Officer Adams, a correctional officer at USP Allenwood. The claim against these defendants in the captioned *Bivens* action is a violation of the Eighth Amendment's protection against cruel and unusual punishment.

It is Plaintiff's contention that, while he was in the Special Housing Unit ("SHU") at Allenwood, he began a hunger strike on July 4, 2008. He claims that Bludworth became hostile and belligerent and threatened that if Plaintiff continued to refuse to eat, he would have the water in Plaintiff's cell cut off. On or about July 9, 2008, the water to Plaintiff's cell was cut off and not turned on until

July 12, 2008. Plaintiff accuses Adams of having turned off the water in retaliation for his hunger strike. Plaintiff further claims that, as a result of the water being turned off, he required intravenous intervention on July 15, 2008. He claims he continues to have physical repercussions as a result of the lack of hydration during the period of July 9 to 12, 2008.

Defendants argue that the Bureau of Prisons' policy provides that if an inmate does not maintain adequate cell sanitation, water is turned off but the inmate is still afforded three showers per week. (Doc. 30, Deft's Undisputed Findings of Fact 40.) Defendants further contend that in the process of turning off the water to the shower, the water to the toilet and drinking water was inadvertently turned off.

The magistrate judge found that inconsistencies showed there were material facts that needed to be resolved by a jury. The magistrate judge also found Defendants' position to be inconsistent.

## II. Discussion

An Eighth Amendment claim gives rise to a two prong analysis. Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and

2

disregards that risk by failing to take reasonable steps to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Defendants argue that Plaintiff's claim that he lacked running water for 96 hours is insufficient to pass the objective prong of the Eighth Amendment violation test because it is not sufficiently serious. They claim that deprivation of running water in an inmate's cell, without more, does not rise to the level of a constitutional violation. *Castro v. Cheaney*, 1998 WL 767467 (E.D. Pa. 1998). They cite to the following cases: *Calhoun v. Wagner*, No. 93-4075, 1997 WL 400043 (E.D. Pa. July 14, 1997) (holding that when cell water was shut off for sixty-one hours, no constitutional violation is apparent when the inmate is receiving other fluids); *Gilblom v. Gillipsie*, No. 08-1672, 2010 WL 1813494 (W.D. Pa. apr. 6, 2010) (holding that barely 48 hours in a dry cell does not constitute a serious objective deprivation of the minimal civilized measure of life's necessities for the purposes of an Eighth Amendment claim) (Report and Recommendation adopted as opinion of the court by May 5, 2010 Order, Civil No. 08-1672, Doc. 28); *Schaeffer v. Schamp*, No. 06-1516, 2008 WL 2553474, at *6 (W.D. Pa. June 25, 2008) (holding placement in a hard cell for ten days without mattress, soap, toilet paper, running water, legal supplies, prescription medication, and food other than one meal a day is insufficient to state Eighth Amendment claim); *Lane v. Culp*, No. 05-0576, 2007 WL 954101 (W.D. Pa. March 28, 2007) (inmate's claim of deprivation of running water for seven days, even when he is forced to sleep on the floor without clothing or bedding, does not rise to the level of a constitutional violation).

Defendants' statement of material facts to which Plaintiff admits are true are as follows:

> No. 22. Even when an inmate goes on a hunger strike, the inmate is still provided three meals a day in an effort to have the inmate resume eating.

3

> No. 23. The breakfast meal contains milk and the lunch and dinner meals each contain a beverage pack.
>
> No. 53.[1] Collier was offered meals but refused to eat.
>
> No. 54. Prison staff discussed the possible complications of nutrition deficiency with Collier, and he acknowledged those risks.
>
> No. 75. Collier counseled about importance of eating and staying hydrated to which he verbalized understanding.
>
> No. 80. Inmate told to eat and to increase his fluids to which he verbalized understanding.
>
> No. 84. Collier continues hunger strike and claimed he was drinking some but not a lot.
>
> No. 86. Collier was thoroughly educated on the harmful effects of not eating and/or drinking and, to which he verbalized understanding.
>
> No. 87. Collier was unable to urinate at that moment but agreed to increase his fluid intake and to provide a urine sample later that day.

(Doc. 30, citations omitted.)

It is not disputed that Collier had liquids available to him. (Findings of Fact Nos. 22 and 23.) It is not disputed that Collier was counseled about the need for hydration which he acknowledged. Nowhere in the medical records is there a notation that, in spite of the counseling, Collier complained to the medical staff that he did not have access to drinking water or fluids.

It is noted that the intravenous intervention began three days after the drinking water was turned on. Plaintiff has not alleged extenuating circumstances in addition to a deprivation of running water. He does not allege Defendants took any other retaliatory actions against him; nor does he allege that he was deprived of drinking liquids during the time the water was shut off.

---

[1] Facts 53, 54, 75 and 80 occurred during the time the water was turned off.

4

In light of Plaintiff's acknowledgment that fluids were provided with meals; that he never complained to medical staff that he had no drinking water; and that he was constantly advised of the need for hydration, it appears that Plaintiff's lack of hydration was self-imposed.

Under the facts of this case, Plaintiff's claim that he was denied drinking water, whether deliberate or accidental, without more, does not rise to the level of a violation of the Eighth Amendment's prohibition of inflicting cruel and unusual punishment. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: January 3, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KEITH COLLIER,** : CIVIL NO. 1:09-CV-2232
　**Plaintiff** :
 : (Judge Rambo)
　v. : (Magistrate Judge Smyser)
 :
**CAPTAIN BLUDWORTH,** *et al.*, :
　**Defendants** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

　　1) The court rejects the report and recommendation of Magistrate Judge Smyser.

　　2) Defendants' motion for summary judgment is granted.

　　3) The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff and close the file.

　　4) Any appeal from this order will be deemed frivolous and not taken in good faith.

　　　　　　　　　　　　　　　　s/Sylvia H. Rambo
　　　　　　　　　　　　　　　　United States District Judge

Dated: January 3, 2011.