IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH COLLIER,** | : | **CIVIL NO. 1:09-CV-2232** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Schwab)** |
| **CORRECTIONAL OFFICER ADAMS and CAPTAIN BLUDWORTH,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

I.        **Background**

Plaintiff Keith Collier filed an action pursuant to 28 U.S.C. § 1331

against officers at the United States Penitentiary at Allenwood, Pennsylvania.  The

basis of the complaint (Doc. 1) was that Collier was placed in the Special Housing

Unit (SHU) at Allenwood as a result of a gambling investigation.  Pursuant to his

move to the SHU, homemade-intoxicants were found in his possession and he

suffered disciplinary proceedings.  To protest his confinement in the SHU, Collier

went on a hunger strike.  Subsequently, he alleges that Defendant Bludworth

threatened to cut off water to his cell if Collier did not cease his hunger strike.

Collier alleges that Defendant Adams did cut off the water in his cell.

On February 9, 2010, this court dismissed all claims in the amended

complaint except for the Eighth Amendment claims against Defendants Bludworth

and Adams (Doc. 15).  On January 3, 2011, this court granted summary judgment in

favor of Defendants Bludworth and Adams (Doc. 48) and closed the file.  Plaintiff

filed an appeal (Doc. 51).

On April 4, 2012, the United States Court of Appeals for the Third

Circuit affirmed in part and denied in part the aforementioned decisions (Doc. 73).

The circuit court vacated the grant of summary judgment to Defendants Adams and Bludworth on the Eighth Amendment claim of water deprivation. The case was reopened and the matter remanded to the magistrate judge.

The parties engaged in additional discovery. Eventually, the parties filed new motions for summary judgment (Docs. 105 and 107). On July 26, 2013, the magistrate judge filed a report and recommendation (Doc. 133) in which she recommends that Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied on the Eighth Amendment issue of deprivation of water. Plaintiff has filed objections (Doc. 136) to the report and recommendation to which Defendants have responded (Doc. 137) and Plaintiff has replied (Doc. 142). The matter is ripe for disposition.

## II.        Discussion

Collier objects to the report and recommendation as follows: (1) the court failed to appoint him counsel; (2) the court should not have denied his motion for close of discovery; (3) there is a material fact in dispute precluding summary judgment; and (4) Defendants are not entitled to qualified immunity. These issues will be addressed below.

### A.        Right to Counsel

Collier moved for appointment of counsel on September 18, 2012 (Doc. 91). This request was denied on September 26, 2012 (Doc. 93). Pursuant to Middle District Local Rule 72.2, a party appealing a magistrate judge's order is required to appeal within 14 days on a denial of a non-dispositive order. Raising this issue now is well beyond the time limit.[1] Thus, this objection is untimely and is without merit.

_____

[1]It is also noted that the magistrate judge, in denying said motion, carefully considered the
(continued...)

## B.  Denial of Motion for Closure of Discovery

On December 7, 2012, Collier filed a motion "for close of discovery demanding statutory damages, injunctive relief, and punitive damages under § 1331; and Bivens" (Doc. 107).  Middle District Local Rule 7.5 requires the filing of a supporting brief.  No supporting brief was filed; therefore, according to the local rule, the motion can be deemed withdrawn.  The magistrate judge made such a determination (Doc. 132).  Furthermore, as on the issue of appointment of counsel, this issue requires an appeal to be filed within 14 days.  The non-dispositive order on this issue was filed on July 29, 2013 and the objection to this order was raised on September 20, 2013 (Doc. 136), and is therefore untimely.

Collier claims that he was never informed as to the necessity of filing briefs in support of motions.  However, the Standing Practice Order advising a pro se plaintiff of his obligations regarding the filing of briefs was issued in this case and mailed to Collier (Doc. 4).  This objection is untimely and is without merit.

## C.  Material Fact in Dispute

Collier again argues that he was denied assistance of counsel; that the magistrate judge "simply try's [sic] to deprive [sic] of his meaningful right to access the court and abuse of his pro se litigant status" (Doc. 136 at p. 5) and that "a material fact is in dispute between him and the Defendants . . . (*id*. at p. 6).  These are conclusory allegations and Collier fails to cite to any evidence that establishes a genuine dispute as to any material fact.

In construing Collier's claim, the concern of the court of appeals was expressed as follows:

---

[1](...continued)
factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), and noted that Collier could effectively represent himself.

> We infer that Collier's claim, at its core, is one about being deprived access to fluids and not, strictly speaking, one about the dry conditions in his cell. If he were to have had access to adequate hydration during the period in question, even in conjunction with meals he otherwise did not desire to eat, his claim would necessarily fail, as he would not be able to show that the complained-of deprivation was "sufficiently serious" (and might also be unable to demonstrate that the defendants possessed the requisite "deliberate indifference"). *See Farmer v. Brennan*, 511 U.S. 825, 834(1994).

*Collier v. Martinez*, 474 F. Appx. 870, 874 n.5. (3d Cir. May 29, 2012) (Doc. 75-2).

After remand and further discovery, the following undisputed facts were filed by Defendants (Doc. 112): Collier's hunger strike began on July 4, 2008 and ended July 12, 2008. His cell, except for toilet water,[2] was without water for 77 hours. During those times, Collier had access to fluids such as milk each morning, and he never asked staff for water or fluids. He was constantly monitored and evaluated by medical staff during the 77 hours at issue. Collier was constantly counseled by medical staff regarding the need to be hydrated. He was given intravenous fluids on two occasions.

There was not a deprivation of access to fluids nor did Defendants act with deliberate indifference as shown by the constant evaluation of Collier's condition by medical staff. There are no material facts in dispute.

### D.    Qualified Immunity

The magistrate judge very thoroughly discussed the two prongs of qualified immunity to which Collier has not adequately responded. No effort has been made by Collier to refute the facts and case law upon which the magistrate judge determined that Defendants were entitled to qualified immunity. This objection has no merit.

---

[2]The toilet water had no urine in it.

**III.**     **<u>Conclusion</u>**

For the foregoing reasons, the court will adopt the report and recommendation of Magistrate Judge Schwab.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  January 8, 2014.